**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **JIM JONES, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **8:04CV645** |
| vs. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **JOHN GALE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| **JOHN W. DeCAMP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **4:04CV3194** |
| vs. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **STATE OF NEBRASKA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

These cases have been consolidated for purposes of discovery, pretrial management, and trial. Now pending before the court are the motions of Nebraska Farmers Union, Center For Rural Affairs, Inc., Norma Hall, Cy Pinkelman, Wayne Frost, Annette Dubas, Vern Jantzen, and Merton "Cap" Dierks (together,"Intervenors"), for leave to intervene as a matter of right as defendants in these actions pursuant to Fed. R. Civ. P. 24(a), or for permissive intervention pursuant to Rule 24(b).

The plaintiffs in Case No. 8:04CV645 (together, "Jones") oppose the motion to intervene and also move to strike certain evidentiary materials offered by the Intervenors.[1]

---

[1]The court has considered the following documents:

| **8:04CV645** | **4:04CV3194** | |
|---|---|---|
| 34 | 24 | Motion to Intervene, filed 4/22/2005 |
| 36 | 26 | Brief in Support of the Motion to Intervene, filed 4/22/2005 |
| 37 | 27 | Addendum to Motion to Intervene, filed 4/26/2005 |
| 43 | -- | Plaintiffs' Brief in Opposition to Motion to Intervene, filed 5/6/2005 |
| 44 | -- | Plaintiffs' Motion to Strike Supplement [37] and Objection to Submission of Evidence, filed 5/6/2005 |
| 45 | -- | Plaintiffs' Brief in Support of Motion to Strike [44] and Objection to Submission of Evidence, filed 5/6/2005 |

The final brief was filed on May 25, 2005, at which time the motions were deemed submitted.

## FACTUAL BACKGROUND

This litigation addresses the legality under the Constitution of the United States of article XII, § 8 of the Nebraska Constitution, popularly known as "Initiative 300." Initiative 300 provides, in part: "No corporation or syndicate shall acquire, or otherwise obtain an interest, whether legal, beneficial, or otherwise, in any title to real estate used for farming or ranching in this state, or engage in farming or ranching." Defendant John Gale, the Nebraska Secretary of State, is required to participate in the enforcement of Initiative 300 by "monitor[ing] corporate and syndicate agricultural land purchases and corporate and syndicate farming and ranching operations, and to notify the Attorney General of any possible violations." Neb. Const. art. XII, § 8. Defendant Jon Bruning, the Nebraska Attorney General is authorized by Neb. Const. art. XII, § 8 to "commence an action in district court to enjoin any pending illegal land purchase, or livestock operation, or to force divestiture of land held in violation of" Initiative 300.

In these cases, the plaintiffs allege that Initiative 300 violates the United States Constitution because it (1) discriminates against interstate commerce, (2) violates the Privileges and Immunities Clause by discriminating against non-residents of Nebraska, and (3) violates the Equal Protection Clause. The Jones plaintiffs further contend that they are entitled to relief for the alleged constitutional violations under 42 U.S.C. § 1983 and that plaintiffs Dahlgren and Ehlers are entitled to relief under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA"). The plaintiffs seek declaratory relief and an order permanently enjoining the defendants from enforcing, or taking any steps to enforce, Initiative 300.

---

| | | |
|---|---|---|
| 47 | 33 | Reply Brief in Support of the Motion to Intervene, filed 5/18/2005 |
| 50 | 35 | Intervenors' Brief in Opposition to Plaintiff's Motion to Strike and Objection to Submission of Evidence, filed 5/25/2005 |

The named defendants, who are all represented by the Nebraska Attorney General's Office, have raised defenses in each case based on (1) lack of subject matter jurisdiction, (2) failure state a cause of action against the defendants for which relief can be granted, (3) U.S. Const. amend. 11 and sovereign immunity, in that the State of Nebraska has not consented to federal court jurisdiction and its immunity has not been abrogated by it or by Congress, and (4) lack of standing based on plaintiffs' failure to meet the case or controversy requirement of U.S. Const. art. III.

The intervenors consist of two public interest groups and six individuals. Their reasons for seeking intervention are discussed below.

Members of the **Nebraska Farmers Union** worked to pass legislation in the 1970s to establish restrictions on the use of the corporate structure for farming in Nebraska and, in 1982, sponsored the successful effort to gather the necessary citizen initiative petition signatures to put Initiative 300 on the 1982 fall ballot. The organization reportedly played a major role in the campaign to win voter approval of Initiative 300, and is interested in enforcing and defending Initiative 300. It is argued that if Initiative 300 is found to be unconstitutional, members of the Nebraska Farmers Union would suffer an adverse impact because they would be returned to a competitive disadvantage with non-family farm corporations, and the preservation of their family farm and other family farms in Nebraska would be substantially impaired. (#34, Ex. A).

The **Center for Rural Affairs** ("CFRA") is a private, non-profit organization incorporated under the laws of the State of Nebraska. CFRA has approximately 1,250 financial contributors who reside in Nebraska. Its mission is to "establish strong rural communities, social and economic justice, environmental stewardship, and genuine opportunity for all while engaging people in decisions that affect the quality of their lives and the future of their communities." (#34, Ex. B). CFRA states that it has been actively engaged in advocating for or against every Initiative 300-related bill in the Nebraska

Legislature since 1982. If this Court were to find Initiative 300 unconstitutional, CFRA would suffer an adverse effect on its ability to carry out its mission.

**Norma Hall**, **Cy Pinkelman**, **Wayne Frost**, **Annette Dubas**, **Vern Jantzen** and **Merton "Cap" Dierks** have been active in supporting the enforcement of Initiative 300 throughout the years. They state that they, as family farmers, would be impacted by an adverse decision in this case because they would suffer a competitive disadvantage with non-family farm corporations. They also contend that the preservation of their family farms and other family farms in Nebraska would be substantially impaired by an adverse decision. (#34, Exhibits C, D, E, F, G & H).

## LEGAL ANALYSIS

### A.  Motion to Strike/Objection to Submission of Evidence

As a preliminary matter, the Jones plaintiffs object to certain portions of the Intervenors' evidentiary submissions, contending that the information is irrelevant and constitutes improper opinion testimony. The court agrees with the Intervenors that, taken in context, the information is relevant on issues related to intervention. If nothing else, the evidentiary materials are helpful in explaining why intervention is sought and why the movants believe intervention is merited. Plaintiffs' Objection and Motion to Strike will, therefore, be denied.

### B.  U.S. Const. art. III; Standing

Intervention in a federal lawsuit is governed, first, by Article III section 2 of the United States Constitution, which limits the federal judicial power to "Cases" and "Controversies," and second, by Fed. R. Civ. P. 24. which provides, in relevant part:

-4-

    **(a) Intervention of Right.**  Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

    **(b) Permissive Intervention.**  Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common....  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Article standing is a prerequisite for intervention in a federal lawsuit.  *Standard Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 570 (8th Cir. 1998). "Article III standing requires a party to show actual injury, a causal relation between that injury and the challenged conduct, and the likelihood that a favorable decision by the court will redress the alleged injury." *Bill M. v. Nebraska Dep't of Health & Human Serv. Fin. & Support*, Case No. 04-3263, — F.3d —, 2005 WL 1250598 at *1 (8th Cir., May 27, 2005) (citing *Minnesota Citizens Concerned for Life v. Federal Election Comm'n*, 113 F.3d 129, 131 (8th Cir. 1997)).  Stated differently, to establish Article III standing, (1) the party must have suffered an injury in fact, consisting of an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of, where the injury is fairly traceable to the challenged action, and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Planned Parenthood of Mid-Missouri & Eastern Kansas, Inc. v. Ehlmann*, 137 F.3d 573, 577 (8th Cir. 1998) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Confining my analysis to the legal issues actually raised in the pleadings, i.e., whether the enforcement of Initiative 300 violates the U.S. Constitution and the ADA in the ways described above, it appears to this court that the Intervenors' alleged injury at this stage consists solely of their professed beliefs that the named defendants will not

adequately protect their interests and that they and other farm families will be subjected to a competitive disadvantage with non-family farm corporations if the provision is found to be unconstitutional.

The court finds the possibility of harm alleged by the Intervenors is not actual or imminent, and is only tangentially related to the legal issues raised in this lawsuit. Simply, the Intervenors have suffered no injury in fact at this time. Accordingly, I find that the Intervenors lack Article III standing to intervene as defendants in this case.

### C.     Fed. R. Civ. P. 24(a); Intervention as of Right

Even assuming that the Intervenors possess Article III standing, a party seeking to intervene as of right must establish that all the elements of Rule 24(a)(2) are met. *South Dakota v. Ubbelohde,* 330 F.3d 1014, 1023 (8th Cir. 2003). "A party is entitled to intervene as a matter of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties." *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004) (citing Fed. R. Civ. P. 24(a)(2) and *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)). "The party seeking intervention must satisfy all three parts of the test." *Id.* (citing *Chiglo*, 104 F.3d at 187).

As discussed above, I do not believe the Intervenors have stated any justiciable interest in this litigation.

As to factor (3) regarding adequacy of representation, I note that the named defendants in both cases are represented by the Attorney General of the State of Nebraska. Under Nebraska law, the Nebraska Department of Justice exercises "the general control and supervision of all actions and legal proceedings in which the State of Nebraska may be a party or may be interested." Neb. Rev. Stat. § 84-202. The Justice Department, by law, retains "charge and control of all the legal business of all departments

and bureaus of the state, or of any office thereof, which requires the services of attorney or counsel in order to protect the interests of the state." *Id.* The Attorney General is, by law, "authorized to appear for the state and prosecute and defend, in any court ... any cause or matter, civil or criminal, in which the state may be a party or interested. Neb. Rev. Stat. § 84-203. The affirmative duties of the Attorney General include the duty to "appear and defend actions and claims against the State[.]" Neb. Rev. Stat. § 84-205(1). Quite simply, the Nebraska Attorney General's Office is charged with the duty of defending the interests of the State of Nebraska and the state officers who are responsible for enforcing Initiative 300. That office is very experienced in conducting litigation involving constitutional issues, both state and federal.

"When a government entity is a party and the case concerns a matter of sovereign interest, the government is presumed adequately to represent the interests of the public.... This presumption may be rebutted by a strong showing of inadequate representation, as, for example, by showing that the interest of the would-be intervenor cannot be subsumed within the public interest represented by the government entity." *Curry v. Regents of the Univ. of Minnesota*, 167 F.3d 420, 423 (8th Cir. 1999) (citing *Mausolf v. Babbitt*, 85 F.3d 1295, 1303 (8th Cir. 1996), and *Chiglo v. City of Preston*, 104 F.3d at 187).

I find that the Intervenors have not made the required "strong showing of inadequate representation," that their interests are subsumed within the public interest represented by the named defendants. I further find that any legitimate interests asserted by the Intervenors are being adequately represented by the Nebraska Attorney General at this time. The motion for intervention as of right pursuant to Rule 24(a) will be denied.

### D.     Fed. R. Civ. P. 24(b); Permissive Intervention

Turning to the requirements of Rule 24(b), this court does not believe the Intervenors presently have any "question of law or fact in common" with those presented

in this lawsuit; as discussed above, the Intervenors have demonstrated no existing injury to their interests.

Even assuming the Intervenors have met that requirement, the court must consider whether permissive intervention "will unduly delay or prejudice the adjudication of the rights of the original parties." In this regard, no judicial economy can possibly be gained by allowing the movants to intervene for the purpose of presenting defenses or arguments that can be or already have been presented by the named defendants. Any non-mandatory intervention on their part would only serve to delay and unfairly prejudice the rights of the original parties.

### E.  Conclusion

As the court concluded in *Curry v. Regents of the Univ. of Minnesota*, 167 F.3d at 423,

> "While Rule 24 promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." *Mausolf*, 85 F.3d at 1301. The Movants have failed to establish that they have Article III standing to be parties to this case. Even if standing were found, they have failed to make a case for intervention either as of right or as a matter of discretion.

The same is true in this case.

### ORDER

**IT IS ORDERED:**

1. The Objection and Motion to Strike (#44 in 8:04CV645) is denied.

2. The Motions to Intervene (#24 in 4:04CV3194; #34 in 8:04CV645) are denied.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis

of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.  The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.   *See* NECivR 72.2(d).

**DATED June 2, 2005.**

            **BY THE COURT:**

            **s/ F.A. Gossett**
            **United States Magistrate Judge**