# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM JONES, et al., | ) | CASE NO. 4:04CV645 |
|      Plaintiffs, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| JOHN GALE, et al., | ) ) ) | |
|      Defendants, | ) | |
| | | |
| JOHN DECAMP, et al., | ) ) | CASE NO. 4:04CV3194 |
|      Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA, et al., | ) ) | |
|      Defendants. | ) | |

This matter is before the Court in these consolidated cases on the Defendants' Motion for Summary Judgment (Filing No. 41 in 8:04cv645; Filing No. 30 in 4:04cv3194). No response was filed by Plaintiffs John DeCamp, *et al.*, in 4:04cv3194. Plaintiffs Jim Jones, *et al.*, filed a brief in opposition in 8:04cv645 (Filing No. 48), and the Defendants replied (Filing No. 51 in 8:04cv645; Filing No. 36 in 4:04cv3194).

The resolution of the issues before the Court requires only a brief summary of the issues raised in the consolidated actions. DeCamp, *et al.*, have challenged the constitutionality of Neb. Const. art. XII, § 8 ("Initiative 300"), alleging that it violates the Commerce Clause of the United States Constitution. (Amended Complaint, ¶ 6, Filing No. 19, 4:04cv3194). DeCamp, *et al.*, seek declaratory and injunctive relief against three Defendants: the State of Nebraska, Nebraska Attorney General Jon Bruning in his official

capacity, and Nebraska Secretary of State John Gale in his official capacity. (*Id.* ¶¶ 3-5, A-C). Plaintiffs Jim Jones, *et al.*, seek similar declaratory and injunctive relief against Bruning and Gale in their official capacities, alleging that Initiative 300 violates the Commerce Clause, the Privileges and Immunities Clause, and the Equal Protection Clause of the United States Constitution, as well as 42 U.S.C. § 1983, and the Americans with Disabilities Act ("ADA"). (Complaint, ¶ 12, Filing No. 1, 4:04cv3194).

In their Motion for Summary Judgment, the Defendants seek (1) to dismiss the State of Nebraska as a Defendant in the action brought by DeCamp, *et al.*, based on the state's sovereign immunity, and (2) to dismiss the ADA-based claims brought by Plaintiffs Shad Dahlgren and Todd Ehler, arguing that the enactment of the ADA by Congress was an unconstitutional abrogation of Eleventh Amendment immunity.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

***The State of Nebraska's Sovereign Immunity***

No Plaintiff has objected to the dismissal of the State of Nebraska as a Defendant in these consolidated cases. Plaintiffs John DeCamp, *et al.*, filed no brief in opposition to the Motion for Summary Judgment. Plaintiffs Jim Jones, *et al.*, took no position on the Defendants' request that the State of Nebraska be dismissed. (Case No. 8:04cv645, Filing No. 48, p.2).

The Eleventh Amendment to the United States Constitution provides states with immunity from actions by private citizens in federal court, whether such actions seek money damages or equitable relief. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). Accordingly, the State of Nebraska will be dismissed as a Defendant in these consolidated actions.

***The ADA Claims against Bruning and Gale in their Official Capacities***

Defendants Bruning and Gale forthrightly acknowledge that the Court of Appeals for the Eighth Circuit has determined that a plaintiff may bring a claim in federal court alleging violations of the ADA, 42 U.S.C. § 12101, *et seq.*, and seeking prospective injunctive relief against state officials in their official capacities. *See Randolph v. Rodgers*, 253 F.3d 342, 347-48 (8th Cir. 2001). Bruning and Gale assert that Congress's enactment of the ADA was an unconstitutional abrogation of the Eleventh Amendment, but state that they are "merely preserving this issue for appeal." (Filing No. 41, Defendants' Motion for Summary Judgment. p.2). The issue is so preserved. Because this Court is bound by the clear precedent of the Court of Appeals for the Eighth Circuit, the Defendants' Motion for Summary Judgment is denied with respect to the ADA claims of Plaintiffs Dahlgren and Ehler.

IT IS ORDERED:

1. The Defendants' Motion for Summary Judgment (Filing No. 41, Case No. 8:cv645; Filing No. 30, Case No. 4:04cv3194) is granted in part and denied in part;

2. The State of Nebraska is dismissed as a Defendant in these consolidated actions;

3. In all other respects, the Defendants' Motion for Summary Judgment is denied.

Dated this 17th day of June, 2005.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge