**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| JIM JONES, et al., )  | ) | CASE NO. 8:04CV645 |
|     Plaintiffs, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JOHN GALE, et al., | ) | |
|     Defendants, | ) | |
| | | |
| JOHN W. DECAMP, et al., | ) | CASE NO. 4:04CV3194 |
|     Plaintiffs, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, et al., | ) | |
|     Defendants. | ) | |

Because so many motions are now pending before this Court in these consolidated cases, I will dispose of those concerning the DeCamp case (04cv3194) separately in this order. The Defendants submitted a Motion for Summary Judgment (Filing No. 45), to which Plaintiff DeCamp filed an untimely two-sentence brief in opposition,[1] an untimely affidavit, and his own untimely Motion for Summary Judgment.[2] The Defendants' Motion to Strike that brief and affidavit (Filing No. 53) will be granted,[3] as will the Defendants'

---

[1] DeCamp's brief states in its entirety: "COMES NOW I, John W. DeCamp, the Plaintiff opposes the defendants Motion for Summary Judgment against me. I, John W. DeCamp also adopt and corporate the Jones Plaintiff's arguments and brief as my own." (Filing No. 51 in 4:04cv3194). No submission was made on behalf of Plaintiff '89 Inc. in response to the Defendants' Motion for Summary Judgment.

[2] DeCamp's Motion for Summary Judgment (Filing No. 56 in 4:04cv3194) was filed on September 14, 2005. The deadline for submission of motions for summary judgment was September 6, 2005. See Minute Entry at Filing No. 39, Case No. 4:04cv3194. As with DeCamp's response to the Defendants' Motion for Summary Judgment, he simply "adopts and incorporates" the efforts of the Jones Plaintiffs. (See Filing No. 57, Case No. 4:04cv3194). In fact, DeCamp purports to seek summary judgment on four causes on action not raised in his Amended Complaint. No brief was submitted in support of his motion.

[3] The Defendants' Motion for Summary Judgment, and their brief and index of evidence in support, were filed on August 1, 2005. The response of DeCamp, *et al.*, was due 20 days later. NECivR 56.1(b)(2). Because that was a Sunday, the response was due the following day. Fed. R. Civ. P. 6(a). Because delivery was made either by mail or electronically, a three-day grace period was added. Fed. R. Civ. P. 6(e); 5(b)(2)(B)and (D). The documents were therefore due on August 25, but were not filed until August 26, 2005. The brief (Filing No. 51) contains a certificate of service, indicating that it was served by U.S. Mail, but with

Motion for Summary Judgment. DeCamp's untimely Motion for Summary Judgment will be denied, and the Defendants' Objection and Motion to Strike DeCamp's Motion for Summary Judgment and Index of Evidence (Filing No. 58) will be denied as moot.

## PROCEDURAL BACKGROUND

Plaintiffs DeCamp, *et al.*, challenged the constitutionality of Neb. Const. art. XII, § 8 ("Initiative 300"), alleging that it violates the Commerce Clause of the United States Constitution. (Amended Complaint, ¶ 6, Filing No. 19, 4:04cv3194). DeCamp, *et al.*, sought declaratory and injunctive relief against two remaining Defendants: Nebraska Attorney General Jon Bruning in his official capacity, and Nebraska Secretary of State John Gale in his official capacity. (*Id.* ¶¶ 3-5, A-C).

The Defendants moved for summary judgment, alleging, among other things, that DeCamp, *et al.*, do not have standing to argue that Initiative 300 violates the Commerce Clause, and that Initiative 300 in fact does not violate the Commerce Clause.

## STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

---

no indication of the date of mailing. The affidavit (Filing No. 52) contains no certificate of service. The brief does not comply with NECivR56.1(b)(1), and the affidavit does not comply with NECivR 7.1(a)(2)(B). DeCamp submitted no timely response to the Defendants' motion to strike. Even if the brief and affidavit were not stricken from the record, the Defendants' Motion for Summary Judgment in Case No. 4:04cv3194 would still be granted based on the Plaintiffs' lack of standing.

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The proponent need not, however, negate the opponent's claims or defenses.  *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).  A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts."  *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id.* at 322-23.

3

## CONSTITUTIONAL AND STATUTORY FRAMEWORK

Neb. Const. art. XII, § 8, popularly known as "Initiative 300," states, in part: "No corporation or syndicate shall acquire, or otherwise obtain an interest, whether legal, beneficial, or otherwise, in any title to real estate used for farming or ranching in this state, or engage in farming or ranching." Initiative 300 provides a wide variety of exceptions to its general prohibition, including an exception for "family farm or ranch corporation[s]." *Id.* at (1)(A).

DeCamp, *et al.*, allege that Initiative 300 violates the Commerce Clause of the United States Constitution, which provides that "Congress shall have Power . . . To regulate Commerce . . . among the several States . . . ." U.S. Const. art. I, §8, cl.3. The dormant Commerce Clause is the negative implication of the Commerce Clause, pursuant to which states may not enact laws that discriminate against or unduly burden interstate commerce. *Quill v. North Dakota*, 504 U.S. 298, 312 (1992).

Initiative 300 requires the Nebraska Secretary of State to "monitor corporate and syndicate agricultural land purchases and corporate and syndicate farming and ranching operations, and notify the Attorney General of any possible violations." If the Nebraska Attorney General has reason to believe that a corporation or syndicate is violating the terms of Initiative 300, the Attorney General is required to "commence an action in district court to enjoin any pending illegal land purchase, or livestock operation, or to force divestiture of land held in violation of [Initiative 300]." Consequently, DeCamp, *et al.,* brought their action, seeking declaratory and injunctive relief, against Nebraska Secretary of State John Gale and Nebraska Attorney General Jon Bruning, in their official capacities.

## UNDISPUTED MATERIAL FACTS

The Defendants' statement of facts is not disputed. (Defendants' Brief, Filing No. 46 pp. 7-11),[4] and such facts are properly supported by the Defendants' index of evidence as referenced in the brief.

John W. DeCamp ("DeCamp") owns agricultural property in several Nebraska counties as well as businesses engaged in the breeding, raising, and feeding of hogs. (Amended Complaint, Filing No. 19, 4:04cv3194, ¶1). Plaintiff '89 Inc. is a for-profit corporation wholly owned by DeCamp. (*Id.*, ¶2). According to '89 Inc.'s 2003 Domestic Corporation Occupation Tax Report, the nature of its business is the operation of a restaurant/lounge and related business. (Affidavit of Katherine J. Spohn, Filing No 70, 8:04cv645, ("Spohn Aff.") Ex. I).

DeCamp's and 89 Inc.'s disclosures pursuant to Fed. R. Civ. P. 26(a) revealed no witnesses they intend to use to support their claims, and referred to the Nebraska Constitution as the only document they intend to use in support of their claims. (Filing No. 34, 4:04cv3194). DeCamp's and '89 Inc.'s responses to the Defendants' interrogatories did not comply with NECivR 33.1(d); revealed no witnesses or other evidence in support of their claims; and stated that DeCamp and '89 Inc. simply intend to rely solely on the language of the United States Constitution and Initiative 300 in support of their claims. (Spohn Aff., Ex. 1H).

---

[4] The stricken brief of DeCamp and '89 Inc. contained no statement of facts, nor any response to the Defendants' statement of facts.

## DISCUSSION

Although DeCamp alleges that he has been "directly impacted by Initiative 300"[5] and that '89 Inc. "has been prevented from doing business in Nebraska by Initiative 300,"[6] the Defendants allege that DeCamp and '89 Inc. lack standing to bring their Commerce Clause claims. To establish standing, a plaintiff must have suffered an injury in fact that is (1)(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) traceable to the defendant's challenged action; and (3) likely to be redressed by a favorable decision. *South Dakota Farm Bureau, Inc. v. Hazeltine*, 340 F.3d 583, 591 (8th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Because neither DeCamp nor '89, Inc., has shown *any* injury in fact, let alone one that is concrete, particularized, and actual or imminent, they lack standing to assert their Commerce Clause claims. This Court is, therefore, without subject matter jurisdiction over such claims. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). The Defendants' Motion for Summary Judgment in Case No. 4:04cv3194 will be granted. DeCamp's Motion for Summary Judgment will be denied because it is untimely; it fails to comply with NECivR 56.1(a); and it fails to demonstrate that DeCamp is entitled to any relief as a matter of law. The Defendants' Objection and Motion to Strike DeCamp's Motion for Summary Judgment will be denied as moot.

The Court will not address within this order the Defendants' arguments regarding the constitutionality of Initiative 300. That issue, and others affecting the Plaintiffs in *Jones*

---

[5] Amended Complaint, Filing No. 19, Case No. 4:04cv3194, ¶ 1.

[6] *Id.* ¶ 2.

*et al. v. Gale et al.*, 8:04cv645, will be addressed in a separate memorandum and order after all motions in that case are ripe and after the well-presented briefs and evidentiary materials in that case have been given the thoughtful consideration they merit.

IT IS ORDERED:

1. The Defendants' Motion to Strike the Brief and Affidavit of John DeCamp (Filing No. 53, Case No. 4:04cv3194) is granted;

2. Plaintiff John W. DeCamp's Motion for Summary Judgment (Filing No. 56, Case No. 4:04cv3194) is denied;

3. The Defendants' Motion for Summary Judgment (Filing No. 45, Case No. 4:04cv3194) is granted;

4. The Defendants' Objection and Motion to Strike Plaintiff DeCamp's Motion for Summary Judgment and Index of Evidence (Filing No. 58, Case No. 4:04cv3194) is denied as moot;

5. A separate Judgment will be entered.

Dated this 28th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge